Argued June 23, affirmed July 27, 1972

ROBERTSON, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

499 P2d 1363

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief
were Lee Johnson, Attorney General, and John W.
Osburn, Solicitor General, Salem.

*Keith Burns,* Portland, argued the cause for re-
spondent. With him on the brief was Jane Edwards,
Portland.

Before SCHWAB, Chief Judge, and FORT and THORN-
TON, Judges.

SCHWAB, C.J.

This is a workmen's compensation case. The decedent died from heart disease in April of 1969. The decedent, who was 59 when he died, was employed as a machinist and welder, and had been employed as such by the same employer during the 10 years prior to his death. His job involved fairly heavy labor and his physical activity away from work during his last years was minimal. He had a 10-year history of high blood pressure and heart disease.

On January 10 or 11, 1969, while at work, he became ill, and when he went home complained to his wife that he had been unable to eat his lunch while at work and was suffering greatly from shortness of breath. At his wife's urging he visited a doctor who thought decedent had a cold for which he prescribed penicillin. Two days later on a Monday he saw his regular doctor, a general practitioner, who hospitalized him immediately. He was discharged from the hospital five days later, the attending physician making a final diagnosis of pneumonitis, cardiac failure and uremia.

Despite his doctor's advice to the contrary, decedent returned to work on January 27. On February 24, 1969, he consulted Dr. Intile, an internist, a large part of whose practice consists of heart patients. Between the time he was hospitalized in January of 1969, and the time he saw Dr. Intile, one and one-half months later, his weight had dropped from 192 pounds to 148 pounds. Dr. Intile found evidence of severe heart disease and advised decedent not to work. Decedent did not work after March 3, 1969. He appeared to improve, but died on April 24, 1969. The death certificate executed by Dr. Intile gave as the immediate cause

of death a myocardial infarction due to arteriosclerotic heart disease.

The two key witnesses were Dr. Intile, the treating physician, and Dr. Griswold, head of the Division of Cardiology at the University of Oregon Medical School, who testified for the State Accident Insurance Fund. Both are well qualified. Both gave what to us appear to be thoughtful and reasoned consideration to the questions put to them, and although they disagreed on the ultimate issue neither (as the Workmen's Compensation Board very properly observed) was dogmatic in this admittedly uncertain area.

The ultimate issue is, "Did the decedent's employment activities on January 10 or 11 cause a myocardial infarction at that time, and did that infarction materially hasten his death?" Dr. Intile's answers were "probably yes," and Dr. Griswold's, "probably no." Each gave many reasons for his answers and no useful purpose would be served by restating the transcript of testimony before the hearing officer. Suffice it to say that as we read the record the scales tip slightly in favor of the affirmative.

Affirmed.